**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

_____

**DENT DOCTOR, INC.,**
          **Plaintiff,**

v.                                                        **Case No. 14-CV-1112**

**DENT CLINIC, INC. and**
**MIKE HENNEBERRY,**
          **Defendant.**
_____

## ORDER

On December 12, 2014, I issued a preliminary injunction in this case prohibiting the defendants from using any variation of the term DENT DOCTOR pending resolution of plaintiff's trademark infringement and breach of contract claims. At that time, defendants had given me no indication of the estimated costs associated with a preliminary injunction, and I set a modest bond of $1,000, giving defendants leave to apply for a larger bond. Defendants now move to increase the bond to $96,327.90. Defendant Mike Henneberry has submitted a declaration detailing estimated costs totaling $36,327.90. Additionally, defendant Henneberry estimates that his business will lose $3,000 – $5,000 per month while the preliminary injunction is in effect and requests an additional $60,000 in bond to cover potential lost business for twelve months. Plaintiff argues that I should not increase the bond at all because it is highly likely to succeed and defendants' estimates are speculative and overstated.

Although I may decline to require security when a plaintiff demonstrates a strong likelihood of success on the merits, whether to require security and the amount of security is ultimately in my discretion. *Scherr v. Vople*, 466 F.2d 1027, 1035 (7th Cir. 1972). When

considering the amount of bond, I err on the high side because the damages caused by an erroneous preliminary injunction cannot exceed the amount of the bond posted as security and because an error in setting the bond too high is not serious. *Mead Johnson & Co. v. Abbott Labs.*, 201 F.3d 883, 888 (7th Cir. 2000). However, I may not simply set the bond at whatever high number I think appropriate; instead, reasons must support the number chosen. *Gateway E. Ry. Co. v. Terminal R.R. Ass'n*, 35 F.3d 1134, 1141–42 (7th Cir. 1994).

Regarding defendants' estimated costs, I agree with plaintiff that defendants will not actually suffer some of the costs it asserts if it prevails in this suit. For example, defendants assert both the loss of the cost of invoices with the Dent Dr. logo as well as the cost to purchase invoices with a new logo. However, if defendants prevail, they will be able to use the Dent Dr. invoices again and thus will not suffer that loss. Defendants make similar assertions regarding the cost of logo design, estimate forms, and business cards. I will not include these estimated losses in the bond amount.[1] Additionally, I will not increase the bond to include the cost of the licensing agreement with Dent Doctor Specialists. Defendants chose to enter into that agreement on their own before I ordered the preliminary injunction; thus, I do not consider its cost caused by the injunction. This reduces defendants' estimated costs to approximately $30,000.

Regarding defendants' estimated $60,000 in lost business, I find that defendants'

---

[1] Plaintiff argues that defendants' signs and truck logos fall into this category as well. However, unlike invoices and business cards which can be saved for future use, signs and truck logos usually must be destroyed in order to replace. Thus, I will include both the cost of the Dent Dr. sign and truck logo and the cost of the new sign and logo in the estimated costs.

declaration is too speculative and insufficient to support this amount. One of defendants' main arguments in support of this estimate is that it brings in much of its business from its sign and that covering this sign will result in a loss of business. However, defendants also state that they are having new sign faces installed, which will take approximately six weeks. Thus, for the majority of the twelve-month period for which plaintiffs estimate loss of business, it will have a visible sign. I will award defendants $5,000 per month for the two months it will be without a sign and an additional $1,000 per month for the remaining 10 months, for a total of $20,000 for estimated loss of business. Thus, I will increase the total bond to $50,000. If defendants can show less speculative evidence of costs or business losses associated with the preliminary injunction, I will consider increasing the bond again.

Defendants also request that I stay the preliminary injunction for a reasonable amount of time to permit compliance. Specifically, defendants argue that it will take approximately three weeks to obtain a cover for its Dent Dr. sign and approximately six weeks to install new sign faces. I issued the preliminary injunction on December 12, meaning defendants have now had four weeks to obtain the sign cover. Thus, I will not stay the preliminary injunction.

**THEREFORE, IT IS ORDERED** that defendants' 7(h) expedited motion to increase bond and to stay preliminary injunction (ECF No. 31) is **GRANTED** in part and **DENIED** in part:

(a) Defendants' motion to increase the bond is granted, and the total bond is increased to $50,000. Plaintiff shall give security by depositing with the Clerk the additional sum of $49,000 in a cashiers check or other certified funds

within seven days of the date of this order. Failure to provide the requisite security will cause the preliminary injunction ordered at ECF No. 28 to lapse of its own accord. If plaintiff provides the requisite security, the preliminary injunction shall remain in effect and the $50,000 security shall remain with the Clerk until further order of the court.

(b) Defendants' motion to stay the preliminary injunction is denied.

Dated at Milwaukee, Wisconsin, this 12th day of January, 2015.

                                          s/ Lynn Adelman
                                          _____
                                          LYNN ADELMAN
                                          District Judge